## Morris v. Stassen

*William L. Cremers, Jr.* and *Alan B. Greenwood* of *Cremers, Morris & Greenwood,* for plaintiffs.

*Harold E. Stassen* of *Stassen & Kostos* and *Charles Smith,* for defendant.

SHELLEY, J. (Specially Presiding), February 11, 1972.—This matter is before the court on defendant's rule on plaintiffs to show cause why the venire of this action should not be changed from Chester County to Philadelphia County. Plaintiffs have filed an answer to the petition for rule.

Plaintiffs, none of whom reside in Chester County,* filed a complaint in assumpsit in Chester County on August 9, 1971. Service of the complaint was made on defendant "at courthouse, West Chester, Chester County, Pa., at 9:15 a.m." on August 23, 1971.

Defendant and his wife own a residence and a studio in Tredyffrin Township, Chester County. Both, however, have a residence and vote in Philadelphia.

Defendant in his petition for change of venue avers the following reasons in support of his petition: (1) None of the parties and none of the witnesses are residents of Chester County; (2) none of the transactions relevant to the litigation and none of the events relevant to the litigation occurred in Chester County; (3) none of the parties and none of the witnesses have any business offices or business activities in Chester County; (4) relevant records and personnel who have maintained the records are in Philadelphia; and (5) it would be extremely difficult and a hardship for defendant and witnesses for this action to proceed in Chester County.

---

* One of plaintiffs resides in California, another in Monte Carlo, Monaco, and one in Florence, Italy.

There is no averment by defendant that the choice of forum by plaintiff would vex, harass or oppress him by inflicting upon him the expense or trouble not necessary to his own right to pursue his remedy.

Defendant has not filed a preliminary objection averring improper venue and, accordingly, under Pennsylvania Rule of Civil Procedure 1006(e), has waived his right to do so. Defendant relies solely on rule 1006(d) which provides, in part, as follows: "(d) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought . . ."

Plaintiffs filed an answer wherein it is averred that: (1) The records are not so voluminous as to preclude facile transportation to Chester County; (2) that all plaintiffs live several thousand miles from Pennsylvania and intend to live in Chester County during the trial so that they can consult with their attorney who likewise resides and practices law in Chester County; (3) that there would be a more speedy disposition of the litigation if a change of venue was denied; and (4) that they would be inconvenienced as much or more than defendant if the venue of the action was transferred to Philadelphia County.

Defendant did not offer any testimony on his own behalf, but was called on crossexamination by plaintiff, who subjected him to an extensive interrogation. A great deal of the examination, however, related to the residency of defendant-petitioner, which testimony was irrelevant because defendant-petitioner had waived the question of improper venue.

In response to questions concerning the crowded condition of the trial calendar in Philadelphia County, defendant-petitioner testified as follows: "From what

I have seen in bar publications, the Philadelphia docket has been more crowded than other counties. That is a fair statement, but not an expert statement."

Defendant's counsel at the hearing made the following statement:

"The defendant in this matter as you know, Mr. Harold Stassen, has maintained since 1948, as his petition indicates, a legal residence and is naturally actively engaged as the senior law partner in the Philadelphia firm and that is why he would prefer it be done there."

At another point in the hearing, while defendant was being examined about the trial calendar of the Philadelphia courts, defendant's counsel suggested that the trial judge "take judicial notice that the Philadelphia Court is a more crowded scene than our own," referring to Chester County. It was suggested without rebuttal or objection by counsel for plaintiffs that: "Our docket here in Chester County is a much smaller one than Philadelphia."

McCollum, Jr. v. Laubach, 47 D. & C. 2d 155-60 (1969), quoting from Gulf Oil Corporation v. Gilbert, 330 U. S. 501, 67 S. Ct. 839 (1947), holds that: "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." McCollum, Jr., supra, concludes, on pages 160-61, "that a strong burden is on the objecting defendant to prove that the plaintiff's choice of forum should be disturbed." See also Harrison Dibert v. Daniel Yurek et al., t/a Great Valley Beverage Center, 52 Westmoreland L. J., 45 (1970).

It was held in Gulf Oil Corporation v. Gilbert, supra, that in determining whether the doctrine of forum non conveniens should be applied, the court should consider many things, including the private interest of the litigant, relative ease of access to sources of

proof, availability of compulsory process for attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, relative advantages and obstacles to a fair trial and other practical problems that make the trial of a case easy, expeditious and inexpensive.

We have read and considered the entire record and conclude that defendant's rule to show cause why the venue of this action should not be transferred to the Court of Common Pleas of Philadelphia County must be denied, and we make the following

## ORDER

And now, February 11, 1972, defendant's rule to show cause why the venue of this action should not be transferred to the Court of Common Pleas of Philadelphia County is denied.